# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLETTE MITTON, | Case No. EDCV 11-830-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On May 27, 2011, Colette Mitton ("Plaintiff or Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security widow's insurance benefits. The Commissioner filed an Answer on September 6, 2011. On December 7, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is 53 year old female who applied for Social Security widow's insurance benefits on October 14, 2008, alleging disability beginning January 1, 2004. (AR 16.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 18.)

Plaintiff's claim was denied initially on January 9, 2009, and on reconsideration on April 15, 2009. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Charles E. Stevenson on March 31, 2010, in Orange, California. (AR 16.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 16.) Medical expert Dr. Samuel Hoxie (misidentified in the ALJ opinion as Sami A. Nafoosi, M.D.) and vocational expert ("VE") Stephen M. Berry also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on May 7, 2010. (AR 16-22.) The Appeals Council denied the request for review on April 26, 2011. (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the issues Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ erred in his evaluation of the opinions of Plaintiff's treating physicians.
2. Whether the ALJ erred in his evaluation of Plaintiff's credibility and subjective symptoms.
3. Whether the ALJ erred in finding that Plaintiff can perform her past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the

regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

      The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

      To obtain widow insurance benefits, the claimant bears the burden of proving she is the widow of the deceased worker, has attained the age of 50, is unmarried (unless one of the exceptions in 20 CFR § 404.335(e) applies) and has a disability that began before the end of the prescribed period. (AR 16.) The prescribed period ends with the month before

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

the month in which the claimant attains age 60, or, if earlier, either 7 years after the worker's death or 7 years after the widow was last entitled to survivor's benefits, whichever is later. (AR 16.) Claimant previously had been found to be the unmarried widow of the deceased insured worker and had attained the age of 50. (AR 18.) The claimant met the non-disability requirements for disabled widow's benefits set forth in Section 202(e) of the Social Security Act. (AR 18.) The prescribed period ended on March 31, 2007. (AR 18.) Thus, Claimant must establish that her disability began on or before March 31, 2007, to be entitled to disabled widow's benefits. (AR 16.)

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 1, 2004, the alleged onset date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: cardiac arrhythmias, resolved with defibrillator/pacemaker placement; diabetes mellitus; and hypertension. (AR 18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 19.)

The ALJ then found that the Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations: no heights; no heavy moving machinery; no open pools of water; and no ladders. (AR 19.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 20.)

At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a Hospital Admitting Clerk, both as actually performed and as generally performed. (AR 21-22.) This work does not require the performance of work-related activities precluded by the claimant's RFC. (AR 21.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 22.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ properly considered the opinions of Plaintiff's treating physicians and properly discounted Plaintiff's credibility. The ALJ did not err in finding at step four of the sequential process that Plaintiff could perform her past relevant work as a hospital admitting clerk. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ assessed the Claimant with an RFC for a full range of work at all exertional levels, but with certain non-exertional limitations. (AR 19.) Plaintiff challenges the ALJ's RFC because he claims the ALJ improperly rejected the opinions of her treating physician and improperly discounted her credibility. The Court disagrees.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the condition. Robbins, 466 F.3d at 883.

**A. The ALJ Properly Considered The Opinions Of Plaintiff's Treating Physicians**

Plaintiff has been diagnosed with long QT syndrome, a heart rhythm disorder that can cause rapid heartbeats and fainting called syncope episodes. (AR 20.) Plaintiff had a defibrillator implanted in October 2007. (AR 20.) She has not had syncope episodes since (AR 21), and the ALJ regards the impairment as resolved. (AR 18.) The ALJ also concluded that Plaintiff's diabetes and hypertension were under treatment and under control. (AR 20, 21.)

Plaintiff contends that the ALJ erred in his evaluation of the opinions of her treating physicians. The Court disagrees.

### 1. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Conversely, an ALJ is not required to give controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p.

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See

Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

The ALJ gave greatest weight to the opinions of the testifying medical expert Dr. Hoxie, misidentified in the ALJ opinion as Dr. Sami Nafoosi. (AR 20, 39-40.) He reviewed the medical record and assessed the limitations adopted by the ALJ in the RFC. (AR 20.) Dr. Hoxie found that, out of concern that the defibrillator might malfunction, Plaintiff should be limited only to avoiding heights, heavy moving machinery and open water. (AR 40.) The ALJ found Dr. Hoxie's RFC consistent with the objective medical evidence of record. (AR 20.) The opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other medical evidence of record. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ found that after the defibrillator implant in 2007, there have been no syncope episodes. (AR 19-21, 277, 287.) In fact, Plaintiff's last episode was in 2002 or 2003. (AR 230.) Follow-up treatment after 2007 indicated no evidence of shock. (AR 21.) The consulting examiner also noted that Plaintiff's diabetes and hypertension were under treatment and under control. (AR 20, 21.) Plaintiff complains that the ALJ provided no citation for the above finding regarding diabetes and hypertension at AR 21, but the ALJ already provided citation at AR 20. (AR 273-78.)

Dr. Hoxie, the consulting internist Dr. Karamhou (AR 273-78), Dr. Ombres (AR 281-87) and Dr. Khong (AR 586-92) all assessed Plaintiff with RFCs that would permit Plaintiff to work. Dr. Khong's RFC was unlimited, with no basis for any exertional limitations. (AR 587.) Plaintiff's treating physicians provided no RFC assessments. There are no medical opinions or medical evidence that would support greater functional limitations than those found by the ALJ, and thus nothing to reject or discount. Plaintiff asserts that there was evidence of diabetic neuropathy (AR 215, 735) but her treating physicians assessed no limitations and other physicians found that the diabetes was under treatment and controlled. (AR 273, 277.)

Most of Plaintiff's "medical evidence" consists of treatment notes documenting Plaintiff's subjective complaints, not physician findings or diagnoses. (AR 291, 293, 299, 301, 311, 324, 451, 459, 461, 737-38.) The ALJ properly discounted Plaintiff's subjective symptoms (see below). Plaintiff made claims of joint pain, but the ALJ found no objective evidence to support Plaintiff's claim, noting a lack of imaging scans on X-rays and a normal musculosketal examination. (AR 18-19.) Again, Plaintiff's only evidence is her own subjective complaints (AR 230, 291, 301, 323-24, 738), which the ALJ properly discounted (see below).

Although Plaintiff disagrees with the ALJ's interpretation of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750. The ALJ's interpretation of the medical evidence was reasonable and supported by substantial evidence and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**B.     The ALJ Properly Discounted Plaintiff's Credibility**

Plaintiff's next challenge to the ALJ's RFC is that the ALJ improperly discounted Plaintiff's subjective symptoms. The ALJ, however, provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 20.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent inconsistent with the ALJ's RFC assessment. (AR 20.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ discounted Plaintiff's subjective symptoms because they were not supported by objective medical evidence. The ALJ found that Dr. Hoxie's RFC was

consistent with the medical evidence of record. (AR 20.) He found that after the defibrillator was implanted there were no syncope episodes. (AR 20, 21.) He found that Plaintiff's diabetes and hypertension were under treatment and under control. (AR 20, 21.) He found that there was no objective medical evidence to support Plaintiff's complaint of chest pain. (AR 21.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959.

The ALJ offered an additional reason for discounting Plaintiff's credibility. He observed that, despite Plaintiff's claim of debilitating pain, Plaintiff's treatment history did not support her subjective pain symptoms. (AR 21.) Conservative treatment is a valid basis for discounting a claimant's testimony regarding the severity of his or her symptoms. Parra, 481 F.3d at 750-5. Here, the ALJ noted the lack of syncope episodes after the defibrillator was implanted and the fact that Plaintiff's diabetes and hypertension were under treatment and under control. (AR 21.) The ALJ's interpretation of the evidence is reasonable and should not be second-guessed. Rollins, 261 F.3d at 857,

## II. THE ALJ'S STEP FOUR FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ determined at step four of the sequential process that Plaintiff could perform her past relevant work as a Hospital Admitting Clerk (DICOT 205.362-018), both as actually performed and as generally performed. (AR 21.) The Hospital Admitting Clerk position was a semi-skilled job performed at a sedentary level. (AR 21, 41.) Plaintiff challenges the ALJ's finding as inconsistent with the evidence but the ALJ's finding is supported by substantial evidence.

### A. Relevant Law

A claimant has the burden of proving that he or she no longer can perform past relevant work ("PRW"). Pinto, 249 F.3d at 844. The ALJ, however, has a duty to make the

requisite factual findings to support his conclusion on PRW. Id. This is done by examining a claimant's RFC and the physical and mental demands of the claimant's PRW. Id. at 844-45.

A claimant must be able to perform: (1) the functional demands and job duties of a particular past relevant job as he or she actually performed it, or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61; Pinto, 249 F.3d at 845. In making this determination, the ALJ must make the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62. Past work experience "must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability" to perform the functional activities of past work. Id. The ALJ's decision "must be developed and explained fully in the disability decision." Id.

Social Security regulations advise the ALJ to consider first whether the individual still can do PRW as he or she actually performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DICOT"). SSR 96-8p; Pinto, 249 F.3d at 845. The claimant is an important source of information about his or her PRW. SSR 82-41; Pinto, id. Other sources of information that may be consulted include vocational expert ("VE") testimony and DICOT. 20 C.F.R. §§ 404.1560 (b)(2) and 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as generally performed. Id. Typically, the best source of how a job is generally performed in the national economy is the DICOT. Id. An ALJ may accept vocational expert testimony that varies from the DICOT, but the record must contain "persuasive evidence to

support the deviation." Id. at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DICOT. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DICOT. Id.; Massachi, 486 F.3d at 1153. Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from DICOT. Id. at 1154 n.19.

**B.     Analysis**

The ALJ made the required findings. The ALJ's RFC is supported by substantial evidence. The VE relied on the job requirements for a Hospital Admitting Clerk as described by the Plaintiff herself, in opining that she could do her prior work as actually performed. (AR 30-31, 41.) The ALJ was entitled to rely on the VE's testimony. Moore v. Apfel, 216 F.3d 864, 869-70 (9th Cir. 2000). Based on the VE's testimony, the ALJ also found that Plaintiff could perform the Hospital Admitting Clerk job as generally performed. (AR 21.) A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. The ALJ found that the job requirements for a Hospital Admitting Clerk are not precluded by the Plaintiff's RFC. (AR 21.)

Plaintiff's arguments are not supported by the record. First, Plaintiff argues that she only can perform light work, a functional limitation not contained in the ALJ's RFC and rejected by the Court in Section I above. The ALJ's RFC is supported by substantial evidence. Also, Plaintiff misreads the ALJ opinion to include a broader limitation than actually assessed. The ALJ opinion provides:

> As a result of these syncope episodes, the claimant should be limited to work environments where occurrence of a sudden syncope episode would not cause harm to the claimant or others. As such the claimant is precluded from: heights, moving machinery, working near open pools of water, and climbing ladders.

(AR 20.)  The ALJ's statement of limitations in his RFC includes only the specific examples given (AR 19).  Plaintiff incorrectly expands the actual limitations to a more general limitation that would involve greater limitations than included in the RFC.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: March 15, 2012                     */s/ John E. McDermott*
                                                 JOHN E. MCDERMOTT
                                               UNITED STATES MAGISTRATE JUDGE